The opinion of the Court was delivered hy
Pociré, J.
The defendant contests the right of the City of New Orleans to exact from him a license tax of $25 a month on his occupation as travelling agent, and urges, among other grounds, that the city ordinance imposing said license is violative of Art. 206 of the Constitution, which prohibits any political corporation from imposing' a greater license tax than is imposed hy the General Assembly for State purposes, and that no license is imposed on that calling hy the Legislature.
The City, appealing from a judgment in favor of defendant, contends that Art. 206 cannot he construed so as to imply a prohibition to impose a license on trades or occupations which are not liable to duties to the State, under its legislation, hut means, that in reference to any particular trade or calling, on which the State does impose a license, *841 no municipal corporation shall be allowed to impose a greater license on such trade or calling than is imposed on the same by the State, and that under its charter, the City of New Orleans has unlimited power to impose a license tax on all trades, professions or callings, even as to those on which the State imposes no license at all.
We cannot assent to this proposition, and we give an entirely different construction to the Article under consideration.
It is a fundamental principle in our system of government that there is no inherent power in municipalities to levy taxes; they can tax only, as the State in its wisdom has thought proper. Cooley on Taxation, p. 209.
Under the present Constitution of this State, that principle is specially consecrated by the declaration that the taxing power is vested primarily in the General Assembly, and through the legislative department ; secondarily, in the parishes and municipal corporations. Art. 202 ; Surget vs. Chase, 33 An. 833.
Now, we hold it as an indisputable proposition that the Legislature, as the special repository of the State’s taxing power, can delegate no greater power than it can itself exercise, or at least than the Constitution allows it to confer or grant.
Hence, it is clear, that under Art. 206 the Legislature could not specially authorize the City of New Orleans, or any other municipal corporation, to impose a greater license tax than the General Assembly itself would choose to impose, or to impose a license on trades not taxed by the State itself.
It follows from the same premises, that any previous act of the Legislature conferring such power to the City of New Orleans would necessarily be inconsistent with the Constitution, (Art. 206) and would, therefore, be of no effect since the adoption of the Constitution.
Such is the inevitable fate of all powers conferred by the City charter of 1870, under which it is claimed that the City of New Orleans has the unlimited authority to levy a license tax upon all persons pursuing any trade, profession or calling, etc., without reference to the action of the Legislature on the subject of license or no license on such trade or calling.
We construe the true meaning of Art. 206 as a positive prohibition to all political corporations from imposing any license tax on all trades, professions or callings which are not subjected to a license tax by the General Assembly for State purposes.
Hence, we hold that the failure, omission or refusal of the Legislature to impose a license tax on any particular trade, calling or profession, is an implied prohibition to all political corporations in the State from exacting a license from the same.
*842 For those reasons, we hold that the defendant is not liable to the license claimed of him by the city authorities.
The judgment of the lower court is, therefore, affirmed with costs.